**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2486
_____

GIDEON ONCHIRI GEKARA,
                                        Petitioner

v.

ATTORNEY GENERAL
OF THE UNITED STATES OF AMERICA,
                                        Respondent

_____

On a Petition For Review of an Order
of the Board of Immigration Appeals
(Agency No. A207-085-128)
Immigration Judge: Kuyomars Q. Golparvar

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 22, 2017

Before: GREENAWAY, JR., GREENBERG and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 19, 2018)
_____

OPINION*
_____

PER CURIAM

*This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Gideon Onchiri Gekara ("Gekara") petitions for review of the Board of Immigration Appeals' decision denying his motion to reopen removal proceedings. For the reasons that follow, we will deny the petition for review.

Gekara, a native and citizen of Kenya, was admitted to the United States on or about August 4, 2006, as a nonimmigrant with an F-1 student visa. He did not comply with the terms of his visa and his status thus was terminated. On March 10, 2016, the Department of Homeland Security initiated removal proceedings, charging Gekara, pursuant to 8 U.S.C. § 1227(a)(1)(C)(i), for failure to maintain or comply with the conditions of his nonimmigrant status. Gekara conceded the charge and applied for asylum, withholding of removal, and protection under the Convention Against Torture. In his application, Gekara stated that he had been and would be harmed in Kenya on account of his political opinion and ethnicity. Gekara specifically feared harm because of his involvement in the Orange Democratic Party ("ODP") and because his family, members of the Kisii ethnic group, owned land in a Kalenjin-controlled area. He claimed that, around the time of the 2007 and 2008 election, his parents received threatening letters from Kalenjins and then Kalenjins evicted them from their land. They were never given their land back or compensated and now live in a displaced persons camp in Kisii territory. In addition, his uncle was beaten by members of the Kalenjin community during the post-election violence and subsequently died of injuries sustained during that beating. His cousin also was killed by members of the Kalenjin community during the post-election violence.

The Immigration Judge denied relief, determining that Gekara was statutorily ineligible for asylum because he did not file his application within one year of his arrival in the United States; that he did not meet his burden of proof to show that he had suffered persecution in the past in Kenya because the violence directed toward his parents, uncle, and cousin was unrelated to him; and that he also did not meet his burden to prove that it was more likely than not that he would be persecuted in the future on account of his Kisii ethnicity or political opinion. The IJ denied Gekara's application for protection under the CAT for insufficient proof. The Board of Immigration Appeals dismissed Gekara's appeal on January 23, 2017, agreeing with the IJ that he did not prove his eligibility for withholding of removal. The Board agreed with the IJ's determination that Gekara did not establish that he suffered past persecution on account of his Kisii ethnicity, and also agreed with the IJ's determination that Gekara did not demonstrate a clear probability that he would be harmed in the future on account of being Kisii. The Board further agreed with the IJ that there was insufficient evidence to establish that Gekara would be individually targeted for harm upon his return to Kenya for any reason. The Board deemed waived the issues of Gekara's eligibility for withholding of removal based on political opinion and eligibility for CAT relief. We then denied Gekara's timely petition for review, see Gekara v. Att'y Gen. of U.S., 2017 WL 3207135 (3d Cir. July 28, 2017).

Meanwhile, Gekara filed a timely motion to reopen with the Board, see 8 C.F.R. § 1003.2, alleging ineffective assistance of counsel in violation of his right to due process of law in connection with his applications for relief. Specifically, Gekara alleged that he suffered prejudice from prior counsel's failure to include in his brief before the Board

3

arguments that he showed a clear probability of future persecution on account of his political opinion and that he more likely than not would be tortured upon his return to Kenya.

On June 27, 2017, the Board denied the motion to reopen. The Board reasoned that, in the prior case, Gekara's fear of persecution on account of his ethnicity "dovetail[ed]" with his political persecution claim; that his fear of persecution on account of his ethnicity was fully addressed on appeal; and that Gekara himself testified that politics in Kenya are closely tied to the different ethnic groups. The Board stated: "[Gekara's] appeal was dismissed because he did not establish [that] he would be individually targeted for harm upon his return for any reason." Board Decision, at 2 (internal quotation marks and citation removed). In short, Gekara's ethnicity and political opinion claims were effectively the same and fully considered, and thus he failed to establish that he was prejudiced by his prior counsel's performance. With respect to the CAT claim, the Board noted that, in its original decision, it specifically concluded that Gekara did not establish any individualized risk of harm, and, in his motion to reopen, he had not meaningfully contested this conclusion, rendering his argument that the Board applied the wrong "government acquiescence" legal standard irrelevant.

Gekara has timely petitioned for review. We have jurisdiction under 8 U.S.C. §§ 1252(a)(1), (b)(1).[1] Generally, the Court reviews the Board's denial of a motion to reopen for an abuse of discretion. Immigration & Naturalization Serv. v. Doherty, 502 U.S. 314, 323 (1992). Under this standard, the Court will reverse the Board's decision

---

[1] A motions panel of this Court previously denied Gekara a stay of removal.

4

only if it is arbitrary, irrational, or contrary to law.  Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002).  The determination of an underlying procedural due process claim, such as a claim for ineffective assistance of counsel, is reviewed *de novo*.  Fadiga v. Att'y Gen. of U.S., 488 F.3d 142, 153-54 (3d Cir. 2007).  To make out a Fifth Amendment due process claim of ineffective assistance of counsel in the context of immigration proceedings, Gekara, ultimately, must show substantial prejudice, that is, he must show a reasonable probability that, but for counsel's error, the result of the proceeding would have been different.  Id. at 159.

Here, Gekara failed to show that his counsel prejudiced his case by failing to include in his appeal to the Board that he showed a clear probability of future persecution on account of his political opinion and that he would be tortured upon his return to Kenya.  The Board properly found that Gekara did not show that he had been substantially prejudiced by counsel's performance, because, even if counsel had made a separate political opinion argument on appeal to the Board, there was no reasonable probability that the results of his case would have been different.  The evidence did not demonstrate Gekara's eligibility for withholding of removal on any basis or demonstrate that he faced any individualized risk of harm if returned to Kenya, two findings dispositive of the withholding of removal and CAT claims that his counsel might have argued before the Board.  Gekara does not point to any particular or materially different evidence that his counsel failed to present to bolster his claims.  Moreover, he was asked whether the political parties were also aligned with the ethnic groups in Kenya and he replied in the affirmative.  Thus, his own testimony highlights the fact that political

5

parties align along ethnic lines in Kenya.[2] Gekara's pro se brief addressing the Board's decision to deny his motion to reopen merely reiterates his disagreements with the Board's basis for denying his original claims. Although the Board did not explicitly consider Gekara's claim of eligibility for withholding of removal based upon his political opinion, he does not convincingly argue that he was prejudiced by the waiver of this issue. Similarly, he did not have a reasonable probability of success had his CAT claim been argued before the Board by his former counsel because he failed to provide any evidence in his motion to reopen to show that his risk of harm rises to the level of torture as defined in the CAT regulations, see 8 C.F.R. §§ 1208.18(a)(1)-(2). Thus, the Board's decision to deny his motion to reopen was proper.

For the foregoing reasons, we will deny the petition for review.

---

[2] In fact, one ethnic group supported one political candidate and the other supported the opposing political candidate. ODP's presidential candidate, Raila Odinga, is supported by the Kisii community; Uhuru Kenyatta, the current President of Kenya, is supported by the Kalenjin community.